**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **RICHARD STRATTON**, | Case No. 3:23-cv-1894 |
| Plaintiff, | **COMPLAINT** (*Bivens* **Action – Prison Medical**) |
| v. | |
| **ANDREW GRASLEY**; and **NELSON AYALA-RUBIO**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### INTRODUCTION

1.      Plaintiff brings claims against Defendants Andrew Grasley and Nelson Ayala-Rubio, two doctors at FCI Sheridan, for providing medically unacceptable care to Plaintiff in violation of the Eighth Amendment to the U.S. Constitution.

2.      Plaintiff Richard Stratton, then an inmate at FCI Sheridan, suffered serious and permanent worsening of his medical condition (multiple myeloma) when Defendants Grasley and Ayala-Rubio denied him medical treatment for the entirety of his stay at Sheridan.

PAGE 1 – COMPLAINT

Defendants Grasley and Ayala-Rubio were deliberately indifferent to plaintiff's serious medical condition. This caused the pathological worsening of his condition and extreme pain, and shortened his life expectancy.

3. Plaintiff seeks compensatory damages, punitive damages, as well as attorney fees and costs as set forth below.

## JURISDICTION

4. This court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1331.

## VENUE

5. Venue is proper within the District of Oregon because all the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all the acts and practices alleged herein occurred at FCI Sheridan in Yamhill County, Oregon.

## PARTIES

6. Plaintiff Richard Stratton was at all times relevant an inmate in Federal Bureau of Prisons (BOP) custody at FCI Sheridan.

7. Defendant Andrew Grasley is a BOP physician at FCI Sheridan. Defendant Grasley was responsible for providing medical care to Plaintiff while he was incarcerated at FCI Sheridan.

8. Defendant Nelson Ayala-Rubio was a BOP physician at FCI Sheridan. Defendant Ayala-Rubio was responsible for providing medical care to Plaintiff while he was incarcerated at FCI Sheridan.

9. Defendants Grasley and Ayala-Rubio acted under the color of law and were

deliberately indifferent to Plaintiff's constitutional rights. Defendants acted in bad faith and violated clearly established laws which reasonable prison officials knew or should have known. Plaintiff sues Defendants Grasley and Ayala-Rubio in their individual capacities.

## FACTS

10.     At the time of Plaintiff's conviction, plaintiff resided in Montana. After sentencing, Plaintiff went to FCI Sheridan for approximately 10 months of incarceration.

11.     Prior to his incarceration, plaintiff's medical providers diagnosed him with multiple myeloma (MM), a rare plasma cell cancer that is treatable but not considered curable. The average life expectancy of a person suffering from MM is six years. Early diagnosis and consistent treatment correlate with the best results; conversely delays or gaps in diagnosis and treatment are correlated with pathological worsening of the condition and worse outcomes, shorter life expectancy. MM can cause, among other symptoms, bone pain and weakness, leading to fractures, lesions, and tumors.

12.     Prior to his incarceration, plaintiff began a course of chemotherapy treatment for MM. He used crutches because he had tumors in both hips and his tailbone, which caused pain and difficulty walking. Plaintiff also had a fractured fibula and pelvis. Regardless, BOP took his crutches away and forced him to walk without any accommodations.

13.     Moreover, plaintiff suffered excruciating pain for the entire 10 months he was incarcerated at FCI Sheridan. He did not receive medication to treat his pain despite repeatedly requesting pain medication.

14.     In March 2022, Dr. Catherine O'Brien at Oregon Oncology Specialist saw plaintiff. She recommended continuing cancer treatment and pain management with gabapentin and morphine. BOP medical staff did not give Plaintiff either drug and they did not provide him

with any cancer treatment for the entire duration of his incarceration.

15.     It is beyond debate that not treating MM is not a medically accepted course of treatment and no reasonable physician would believe that failing to provide treatment was reasonable.

16.     This delay in his treatment caused plaintiff excruciating and unrelenting pain, which defendants Grasley and Ayala-Rubio did not treat. The delay in treatment also set back the overall prospects of treating his condition; a delay or gap in treatment can pathologically worsen the condition and shorten a person's life.

17.     There was no medical or penological justification for denying Plaintiff medical treatment for cancer or for denying his pain medication. This treatment or lack thereof was medically unacceptable.

18.     Plaintiff served a Tort Claim Notice on the United States of America regarding claims against BOP and will amend this lawsuit to add Federal Tort Claims Act claims in the event those claims are denied.

## COUNT I

### (Eight Amendment – *Bivens* – Unacceptable Medical Care)

19.     Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

20.     Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

21.     Defendants Grasley and Ayala-Rubio were deliberately indifferent to Plaintiff's serious medical needs as follows:

    (a)     In failing to provide any medical treatment for Plaintiff's MM; and

    (b)     In failing to adequately treat or acknowledge Plaintiff's pain.

22.     As a result of their deliberate indifference, Defendants Grasley and Ayala-Rubio

PAGE 4 – COMPLAINT

violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In failing to provide medically acceptable and necessary treatment, as set forth above, Plaintiff suffered physical harm in the form of pathological worsening of his MM, pain, and a shortening of his life expectancy. Failing to provide any medical care for Plaintiff's MM, was medically unacceptable under the circumstances, and Defendants Grasley and Ayala-Rubio chose this course of treatment in conscious disregard of the excessive risk to the Plaintiff's health. Defendants Grasley and Ayala-Rubio knew or should have known that failing to provide medical care to Plaintiff for his MM promptly would result in his suffering physical harm and severe physical and mental pain and suffering.

23.    As a result of the Grasley and Ayala-Rubio's violations of Plaintiff's Constitutional rights, Plaintiff suffered physical harm and severe physical and mental pain and suffering. Accordingly, Plaintiff is entitled to economic and non-economic damages against Grasley and Ayala-Rubio in an amount to be determined at trial and for Plaintiff's attorney fees and costs.

**PRAYER**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a)    An award of compensatory damages in a sum that is just as determined by a jury, here alleged to be $5,000,000;

b)    An award of punitive damages in a sum that is just as determined by a jury, he alleged to be $1,000,000.

c)    Plaintiff's costs and attorney fees in this suit, and

d)    Any additional relief this court deems just, proper, and equitable.

**Plaintiff requests a trial by jury on all matters so triable.**

DATED: December 15, 2023

**Law Offices of Daniel Snyder**

 /s/ John Burgess
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 6 – COMPLAINT